F & M DISTRIBUTORS, INC., Plaintiff,

v.

AMERICAN HARDWARE SUPPLY CO., f/k/a Servistar Corporation, Defendant.

Civ. A. No. 89–1292.

United States District Court, W.D. Pennsylvania.

Feb. 15, 1990.

James C. Kletter, Samuel R. Grego, Springer, Bush & Perry, P.C., Pittsburgh, Pa., for plaintiff.

John K. Baker, Alan S. Gold, Griffith & Burr, P.C., Philadelphia, Pa., for defendant.

MEMORANDUM OPINION

COHILL, Chief Judge.

F & M Distributors ("F & M"), a Michigan corporation with its principal place of business in Warren, Michigan, instituted this lawsuit against American Hardware Supply Company ("American"), a Pennsylvania Corporation with its principal place of business in East Butler, Pennsylvania to recover damages for an alleged breach of contract. The plaintiff invoked subject matter jurisdiction in this Court pursuant to 28 U.S.C. 1332.

Presently before the Court is defendant's Motion to Dismiss for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19 pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7), respectively, of the Federal Rules of Civil Procedure. For the reasons stated below, we will grant defendant's motion to dismiss pursuant to Rule 12(b)(7). Therefore, we decline to consider the remaining bases for defendant's motion to dismiss.

## I. BACKGROUND

On December 10, 1982, American and CMI corporation ("CMI"), a New York corporation who is not a party to this lawsuit, entered into a master lease in which CMI agreed to lease computer equipment to American. Complaint, Exhibit D. The master lease remained in effect for the duration of the term specified on any equipment schedule executed pursuant to the master lease. *Id.* The applicable equipment schedule listed the amount of rent and term of the lease with respect to each leased item.

On September 9, 1983, F & M's predecessor, Talon, purchased computer equipment from CMI pursuant to a purchase agreement. Complaint, Exhibit A. *Id.* Simultaneously, the parties entered into a remarketing agreement in which CMI agreed to act as F & M's non-exclusive agent by leasing the computer equipment to a third party for a fee. Defendant's Motion to Dismiss, Exhibit H.

Five years later, CMI found a lessee for some of F & M's computer equipment. In a remarketing letter dated July 25, 1988, CMI informed F & M that American was willing to lease its IBM computer from September 1, 1988 until August 31, 1990, for a monthly rental fee of $19,000. Plaintiff's Complaint, Exhibit C. Pursuant to the remarketing letter, each month CMI would collect the rent from American, deduct 15% for its services, and forward the balance to F & M. F & M consented to the transaction by signing the letter. *Id.*

On March 25, 1988, CMI and American executed equipment schedule #13493L pursuant to the 1982 master lease. Plaintiff's Complaint, Exhibit D. The equipment schedule listed various computer equipment, allegedly including F & M's IBM computer. *Id.* American agreed to rent the equipment for 24 months, beginning September 1, 1988 for a fee of $20,000 each month.

The equipment schedule also provided, "Lessee's obligation to perform under this lease is contingent upon full execution (by lessor and lessee) of a Sublease Agreement for an IBM 4381 Q14 (referenced as an IBM 4381 P3) which is currently installed at Lessee's site." Apparently American's obligation to perform under the master lease was contingent upon the execution of CMI's agreement to lease computer equipment from American for approximately $25,000 each month.

The equipment schedule failed to disclose F & M as the owner of the computer equipment. Indeed, pursuant to the master lease, American and CMI executed a UCC–1 financing statement which listed the lessor, CMI, as the owner of the equipment. Defendant's Motion to Dismiss, Exhibit C.

On November 17, 1988, F & M wrote to CMI allegedly terminating the agency created by the remarketing agreement. Defendant's Motion to Dismiss, Exhibit F. According to F & M, CMI breached the agreement by failing to remit the September, October and November, 1988 rental payments due under the July 25, 1988 remarketing letter. *Id.* In addition, F & M

alleges that it notified American of its ownership of the computer equipment and instructed American to pay the rent directly to F & M. Plaintiff's Complaint, paragraph 10.

Approximately one week later, on November 23, 1988, F & M filed a complaint and a motion for a temporary restraining order against CMI in the Circuit Court for the County of Oakland, Michigan. Defendant's Motion to Dismiss, Exhibit F. F & M sought contract damages for CMI's alleged unlawful withholding of three months of rental payments. In addition, based on a conversation with a CMI employee, F & M believed that CMI was unable or did not intend to make payments for the months of December and January. F & M sought an Order from the court restraining CMI from accepting any rental payments from American. The court denied F & M's motion without explanation on December 1, 1988. *Id.*

On December 9, 1988, CMI wrote to American documenting a set off agreement between the parties regarding their contemporaneous leasing of each others' computer equipment. Defendant's Motion to Dismiss, Exhibit G. The leases subject to the set off agreement were American's rental from CMI of F & M's computer equipment, lease # 13493L, and CMI's rental of American's computer equipment. Pursuant to the agreement, the parties set off certain rental payments due under their respective leases with one another.

On January 13, 1989, CMI filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York. As a result, on June 8, 1989, F & M's lawsuit against CMI was closed without prejudice pursuant to an automatic stay issued by the bankruptcy court under section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a). Defendant's Motion to Dismiss, Exhibit F.

Unable to proceed with its lawsuit against CMI, F & M instituted the present breach of contract action against American approximately one month later on July 17, 1989. The Complaint alleges that on November 17, 1988, and on December 6, 1988,

F & M notified American that it claimed "all rights, interests and benefits due to it under the master lease as the owner and lessor of a portion of the equipment leased thereunder." Complaint, paragraph 10.

According to F & M, this disclosure obligated American to forward the rent payments due under the master lease with CMI directly to it. Complaint, paragraph 11. F & M maintains that American has failed to make the payments since September 1, 1988, and seeks damages in the amount of $171,000 representing 9 months of rent at $19,000 each month plus costs and attorneys fees. In addition, F & M seeks an injunction requiring American to pay $19,000 on the first of each month for the remainder of the term of the master lease—June 1, 1989 through August 1, 1990.

In its motion, defendant asserts that pursuant to Rule 19(a), equity mandates the joinder of CMI to this action. However, since CMI has filed for bankruptcy, CMI's joinder is prohibited by the automatic stay provision of the Bankruptcy Code, and thus CMI's joinder is not possible. Defendant avers that, in equity and good conscience, this action cannot proceed without the involvement of CMI, and concludes that this action must be dismissed.

## II. DISCUSSION

■ Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a defendant to present a defense based on a plaintiff's failure to join a party. Rule 19(a) defines those persons who should be joined as parties to the action, and Rule 19(b) supplies the result when joinder of a party under Rule 19(a) is not feasible. C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, section 1604, at 40 ("Wright, Miller & Kane"). The party raising the defense has the burden of showing that the absent party is needed for a just adjudication. *Sierra Club v. Watt*, 608 F.Supp. 305, 321 (E.D.Cal.1985).

Pursuant to the analytical structure set forth in Rule 19, the court, when confronted with the issue of a party's joinder to an action, must initially determine whether:

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed.R.Civ.P. 19(a).

If one of these tests is satisfied, the court must order the joinder of the absent party. Fed.R.Civ.P. 19(a). However, when the party cannot be joined because, for example, he is not subject to service of process or his joinder will deprive the court of subject matter jurisdiction, Rule 19(b) furnishes the court with a nonexhaustive list of factors to consider in determining whether, "in equity and good conscience," to dismiss the action or to proceed without him:

> The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

Under Rule 19, pragmatic concerns, especially the effect on the parties and on the litigation, control a court's decision on joinder. *Provident Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968). "Of necessity, an indispensability analysis is fact-specific, guided by the legal analysis outlined in Rule 19 of the Federal Rules of Civil Procedure." *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir.1987).

We have little difficulty in finding that CMI is a party who should be joined in this action if feasible, since its "presence is critical to the disposition of the important issues in the litigation," satisfying both tests under Rule 19(a). *Haas v. Jefferson National Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir.1971). A review of the claims and defenses in this action clearly leads to such a result.

We first examine the averments contained in F & M's complaint, assuming as we must that the allegations in the complaint are true. *Steel Valley Author.*, 809 F.2d at 1011. F & M has never directly entered into any agreement with American; the only contracts alleged in this action are between F & M and CMI and American and CMI. F & M asserts that CMI acted as its agent when it leased the computer equipment to American pursuant to the master lease, and that it terminated the agency relationship and disclosed itself as CMI's principal, replacing CMI as a party to the master lease. F & M further maintains that American has breached the master lease by failing to make any payments since September 1, 1988.

In defense, American avers that if CMI was acting as F & M's agent, then at best F & M was an undisclosed principal. In addition, American alleges that it set off a substantial portion of the rents due under the master lease pursuant to an agreement with CMI, and thus it has already paid most of the rents that F & M is seeking in this action. Finally, American disputes that the rental fee is $19,000 per month, contending that a portion of the equipment that it leased under the master lease with CMI did not belong to F & M, and that CMI received part of the $19,000 as a remarketing fee.

F & M's state court action against CMI provides a window through which we can glimpse at CMI's likely concerns in this action. In F & M's Michigan action against CMI, F & M alleged that it terminated the remarketing agreement, and that CMI had no legal or equitable interests in the computer equipment that was the subject of the agreement. Defendant's Motion to

Dismiss, Exhibit F. In its answer, CMI denied both of these allegations. Apparently, CMI continues to dispute the termination of the remarketing agreement, as it has invoiced American for rent due under the master lease as recently as July 1, 1989. Defendant's Motion to Dismiss, Exhibit D.

F & M did not enter into any contract with American. Rather, it signed a contract with CMI and now seeks damages from American for CMI's alleged breach of that agreement. Since American's liability to F & M hinges on F & M's alleged agency with CMI, complete relief cannot be accorded without CMI's legal presence. CMI is a crucial and active participant in the very transaction which F & M claims triggers American's liability.

CMI's evidence may very well refute F & M's allegation that it was acting as F & M's agent when it leased the computer equipment to American or that F & M properly terminated the remarketing agreement, thereby nullifying F & M's claim against American. On the other hand, it may bolster F & M's assertion that it properly terminated the agreement, and may disprove American's defense regarding the amount of set off. Thus, CMI's intent at the time of contracting with both parties is the key to the success or demise of this lawsuit.

Applying the criterion of Rule 19(a)(2)(i), we believe that CMI's absence in this action will "as a practical matter impair or impede (its) ability to protect (its claimed) interest." In order to resolve this dispute, the Court will have to adjudicate the rights of F & M and CMI under the remarketing agreement, as well as the terms and conditions of the master lease between CMI and American.

CMI's interests under both agreements will be adversely affected if F & M prevails in this litigation, because a favorable decision necessarily must be based on the legal conclusion that CMI was F & M's agent in the master lease transaction. Such a conclusion would place CMI in privity with F & M and as a result, CMI may very well be bound by F & M's suit under the doctrine that res judicata and collateral estoppel apply not only to the actual parties but also to those in privity with the parties. *Schubach v. Silver*, 461 Pa. 366, 377, 336 A.2d 328, 333–34 (1975). As a practical matter, CMI would be left without an opportunity to defend its interests.

Moreover, CMI has an interest in enforcing the remarketing agreement especially since it has filed for bankruptcy. Under the terms of the agreement, CMI is entitled to a 15% monthly fee for leasing the computer equipment to American. The proper termination of that agreement would result in the dimunition of CMI's estate, as CMI would lose its claimed entitlement to the 15% fee.

Similarly, F & M alleges that it terminated the remarketing agreement within 90 days before CMI filed for bankruptcy. The trustee or debtor-in-possession may very well attempt to avoid that alleged termination pursuant to the Bankruptcy Code. Such a result, of course, would interfere with a favorable judgment for F & M in this action, and would expose the defendant American "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of (its) claimed interest." Rule 19(a)(2)(ii).

Finally, American asserts that it has already paid CMI for rents due on the lease of the computer equipment through April 1, 1989, pursuant to a set off agreement. CMI's evidence is crucial to a determination of the exact amount of set off, and without it, American may pay twice for the leased equipment.

■ Having satisfied the criteria of Rule 19(a), we are compelled to order CMI's joinder to this lawsuit. However, the corporation is a debtor in the Bankruptcy Court for the Southern District of New York, undergoing Chapter 11 reorganization. The reorganization prevents the filing of lawsuits against the debtor. 11 U.S.C. § 362(a). Accordingly, pursuant to Rule 19(b), we must decide whether CMI's presence is so important that "in equity and good conscience the action ... should be dismissed, the absent person being thus regarded as indispensable."

Although the factors enumerated in Rule 19(b) are not exclusive, they are the most significant factors that a court must weigh in determining whether to dismiss the action for inability to join a party. *Wright, Miller & Kane,* section 1608 at 91. The first factor for the court to consider, the extent to which a judgment rendered in a person's absence may be prejudicial to him or to those already parties, overlaps in some respects with the considerations in Rule 19(a)(1) and (a)(2). *Wright, Miller & Kane,* section 1608 at 93. For the reasons previously stated, we believe that a very real and actual likelihood of prejudice exists to both CMI and American if this lawsuit proceeds in the absence of CMI, in that CMI would be deprived of an opportunity to defend its interests, and American likely would be exposed to the risk of incurring inconsistent or multiple obligations. Consequently, this factor weighs heavily in our analysis of indispensability.

The second factor is the extent to which the court can shape the relief to minimize or eliminate any prejudicial effect of proceeding in CMI's absence. In its motion, F & M suggests indemnifying American against any claim from CMI regarding payments due under the lease. According to F & M, if such an agreement were made part of the Court Order, American would "no longer (have) a legitimate contention or fear of another lawsuit from CMI for lease payments that it would be obligated to pay F & M." Plaintiff's Brief in Opposition, at 14, 15.

However, F & M limits its offer of indemnification "... only to the claims asserted by F & M and not to any independent claim that CMI may have against Servistar pursuant to other agreements not being litigated in this case." Plaintiff's Brief in Opposition, at 24. F & M effectively limits its indemnification to exclude the alleged set off of leases between CMI and American. As such, its offer of indemnification does not obviate the possibility that American will pay twice for its obligation under the master lease with CMI.

In addition, plaintiff has not suggested, nor can the Court conceive of, any device

or remedy to represent adequately the interests of CMI in its absence. If the Court proceeds without CMI, it will necessarily have to determine the nature of CMI's rights under both the master lease and remarketing agreement in order to reach a judgment. Consequently, CMI's interests will be compromised regardless of the nature of the relief granted.

The third factor is "whether a judgment rendered in the person's absence will be adequate." This factor recognizes that the court and the public have an interest in complete, consistent and efficient settlement of controversies. It thus promotes judicial economy by enabling a court to refuse to proceed with an action which may result in incomplete relief because of the inability to bind persons who could not be joined. *Provident Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968).

Focusing on F & M, we conclude that F & M would not be able to receive full relief without the joinder of CMI. Since F & M is not explicitly a party to the contract between CMI and American, its claim against American hinges on its alleged agency relationship with CMI. Under Pennsylvania law, the basic elements of agency are: 1) the manifestation by the principal that the agent shall act for him; 2) the agent's acceptance of the undertaking; and 3) the understanding of the parties that the principal is to be in control of the undertaking. *Scott v. Purcell,* 490 Pa. 109, 117, 415 A.2d 56, 60 (1980) (quoting Restatement (Second) of Agency, Section 1(1) comment b (1958)).

The controversy between F & M and American cannot be resolved in the absence of CMI, because CMI is a crucial link in the chain that forms the factual and legal basis for F & M's cause of action. Moreover, in addition to disputing the existence of an agency/principal relationship, American avers that F & M is an undisclosed principal and thus is not a party to the contract. Such a legal conclusion is factually dependent on CMI's representations to American at the time of contracting, and if true, could negate F & M's cause of action. Accordingly, we conclude that F & M will not

be able to obtain full relief without the joinder of CMI.

In addition, CMI is currently in bankruptcy, and it is highly probable that it will seek to have its rights under the remarketing agreement and master lease determined by the bankruptcy court. The public interest in avoiding piecemeal and inefficient litigation is particularly strong where, as here, it is probable that the pending bankruptcy court action will dispose of the entire controversy. Moreover, in light of CMI's bankruptcy petition, we believe that our adjudication of this action would thwart the use of bankruptcy as a collective device for creditors. We note that F & M seeks to have us decide many of the same legal issues that the bankruptcy court stayed in F & M's Michigan action against CMI.

Finally, Rule 19(b) directs us to consider whether the plaintiff will have an avenue of relief if we dismiss for nonjoinder. The Bankruptcy Court for the Southern District of New York affords F & M an opportunity to adjudicate its rights against both CMI and American. It provides a ready and proper forum to settle the question of the relationship among the parties, the terms and conditions of the various agreements, and ultimately, the rights to the lease proceeds.

The Court is concerned that F & M's filing of this lawsuit, one month after its lawsuit against CMI was stayed in the state court, is an effort to gain a preference to the proceeds of CMI's estate. We will not disturb the orderly collection procedures that are essential to the fair and efficient operation of the bankruptcy laws.

F & M, citing *Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir.1987), asserts that Rule 19 does not require joinder of principal and agent. We find this argument to be without merit as it is based on the legal conclusion that an agency relationship exists between F & M and CMI. This is the principal issue that F & M calls upon us to decide, and we decline to do so without the presence of CMI, the other party to the alleged agency.

Accordingly, we hold that pursuant to the "equity and good conscience" test enunciated in Rule 19, CMI is an indispensable party. Therefore, we will dismiss this action without prejudice.

An appropriate Order will issue.

### ORDER

AND NOW, to-wit, this 15th day of February, 1990, for the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that defendant's Motion to Dismiss for Failure to Join an Indispensable Party be and hereby is GRANTED. The above-captioned proceeding is DISMISSED without prejudice, and the Clerk of Court shall mark the above-captioned proceeding CLOSED.

It is further ORDERED that plaintiff's Motion to Dismiss defendant's Motion to Dismiss for failure to conform to Local Rule 4(a)(2) by omitting to attach a proposed Order to the motion be and hereby is DENIED as MOOT.