**Heidi F. WHEATON, Plaintiff,**

v.

**DIVERSIFIED ENERGY, LLC, Defendant.**

**No. CIV.A.02–CV–8548.**

United States District Court, E.D. Pennsylvania.

Jan. 29, 2003.

Ira P. Tiger, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Plaintiff.

James R. Adams, Barley, Snyder, Senft & Cohen, LLC, Lancaster, PA, Joseph W. Eason, Moore & Vanallen, Raleigh, NC, for Defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

Presently before this court are Defendant Diversified Energy, LLC's ("Diversified") Motion to Dismiss Under Rule 12(b) filed on January 2, 2003; and Plaintiff Heidi Wheaton's Memorandum in Opposition to Defendant's Motion to Dismiss filed on January 16, 2003. Plaintiff contends that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant argues that J.F. Energy Corp. ("J.F. Energy") is a necessary and indispensable party that should be joined under Rule 19. J.F. Energy's joinder would destroy complete diversity. Defendant motions for a dismissal of the action under FED. R. CIV. P. 12(b)(1) & (b)(7). Defendant's motion will be denied.

### I. Introduction

Plaintiff contends that this court has subject matter jurisdiction based on diversity of citizenship. We have original subject matter jurisdiction over claims between citizens of different states in which the monetary amount in dispute is greater than $75,000 under 28 U.S.C. § 1332. There is over $747,000 in dispute between Wheaton and Diversified. Wheaton is a resident of Pennsylvania. Diversified is a limited liability company with its principle place of business in North Carolina. At first glance, this court seems to have subject matter jurisdiction over this case under 28 U.S.C. § 1332.

Diversified argues that diversity is lacking because J.F. Energy is a necessary and indispensable defendant to this litigation. We disagree because J.F. Energy does not qualify as a necessary party under Rule 19(a). We do not reach the question of indispensability under Rule 19(b).

The joinder of J.F. Energy would destroy complete diversity between the parties because J.F. Energy is a Pennsylvania corporation with its principle place of business in Pennsylvania. Diversified argues that the case should be dismissed either under FED. R. CIV. P. 12(b)(7) because Wheaton failed to

join J.F. Energy, or under FED. R. CIV. P. 12(b)(1) because the joinder of J.F. Energy would destroy diversity and remove this court's subject matter jurisdiction over Wheaton's claim.

## II. Background

Heidi Wheaton was the sole stockholder of J.F. Energy. In September 2000, Wheaton, J.F. Energy, and Diversified entered into a Stock Purchase Agreement ("the Agreement"). Under the agreement, Wheaton sold all of her J.F. Energy stock to Diversified for $5,500,00 plus an Adjustment Amount. *See* Def.'s Motion Ex. 1: Stock Purchase Agreement at ¶¶ 1.2 & 1.3 [hereinafter Stock Purchase Agreement]. The Adjustment Amount equaled J.F. Energy's current assets plus $200,000 minus the current liabilities at the time of closing. *Id.* The parties have not identified any obligations or rights that J.F. Energy has under the Agreement. After the sale, Wheaton and Diversified could not agree on the Adjustment Amount.

Wheaton filed her complaint in federal court on November 20, 2002. Wheaton's only cause of action is for breach of contract. Wheaton seeks monetary relief of $747,489.68 plus nine percent interest.

On December 16, 2002, this court granted Defendant an extension to file its answer. Defendant used this extra time to file a separate complaint in Pennsylvania state court against Mailbach, LLC; Paul Wheaton; and Heidi Wheaton on December 31, 2002. J.F. Energy is listed as a plaintiff in the state court action. Diversified and J.F. Energy claim the defendants committed breach of contract, unjust enrichment, breach of fiduciary duty, and conversion in their state court complaint. They seek monetary compensation in the form of actual and punitive damages. On January 2, 2003, Defendant filed its Motion to Dismiss Under Rule 12(b) with this court claiming that J.F. Energy is a necessary and indispensable defendant to the federal court action.

## III. Discussion

The issue before this court is whether J.F. Energy is a necessary and indispensable party under FED. R. CIV. P. 19. Federal Rule of Civil Procedure 19 requires a two part test for determining when it is compulsory to join a party. *See HB General Corp. v. Manchester Partners,* 95 F.3d 1185, 1190 (3d Cir.1996) (finding the limited partnership entity a party necessary under 19(a) but not indispensable under 19(b) because each limited partner was already before the court); *Rashid v. Kite,* 957 F.Supp. 70, 72–73 (E.D.Pa.1997). First, the court must determine if the party is a necessary party under Rule 19(a). If the party is a necessary party under Rule 19(a), then the party should be joined as long as its joinder would not destroy diversity. "Only if a party cannot be joined under Rule 19(a), does Rule 19(b) come into play." *Gardiner v. Virgin Islands Water & Power Authority,* 145 F.3d 635, 640 (3d Cir.1998); *see Bank of Am. v. Hotel Rittenhouse Assocs.,* 844 F.2d 1050, 1054 (3d Cir.1988). If joinder is not feasible because diversity would be destroyed-as is the situation in the present matter-then the court must determine if equity deems the party indispensable under Rule 19(b).

### A. Rule 19(a)

Rule 19(a) states that a person should be joined as a party if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a). Rule 19(a) allows for three alternative ways for a court to label an absent party a necessary party. A party is a necessary party if: (1) complete relief cannot be reached between the present parties (FED. R. CIV. P. 19(a)(1)); (2) the litigation may affect the absent party's ability to protect its interests (FED. R. CIV. P. 19(a)(2)(i)); or (3) the absentee has an interest related to the subject matter of the action and the litigation

may expose the current parties to multiple judgments or inconsistent obligations because of the potential party's absence (FED. R. CIV. P. 19(a)(2)(ii)). It is clear that J.F. Energy is not a necessary party under 19(a)(1), 19(a)(2)(i) or 19(a)(2)(ii). We will analyze whether J.F. Energy is a necessary party under each of the three possible choices because Diversified did not explain which of the three alternatives in Rule 19(a) it is relying upon. *See* Def.'s Mem. at 6–7 (filed on Jan. 2, 2003).

Diversified argues that J.F. Energy is a necessary and indispensable party because it is a party to the contract. Such a hard and fast rule would violate Rule 19(a). Rule 19(a) requires the absent party to fit into one of the three specified categories.

### 1. *Rule 19(a)(1)*

■ Under Rule 19(a)(1), the "inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action." *Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 405 (3d Cir.1993) (finding that not all parties to a contract are necessary under Rule 19(a) because only one potential defendant is necessary when all potential defendants are joint and severally liable under the applicable state law). "The effect a decision may have on the absent party is not material" under Rule 19(a)(1). *Id.* (citing *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir. 1980)). "Complete relief" can be reached between the current parties. Wheaton claims that Diversified owes her money under the Agreement's Adjustment Amount.

If Wheaton is owed additional monies under the Agreement only Diversified would be responsible for paying the judgment because Diversified-and not J.F. Energy-has an obligation under the contract to pay the Adjustment Amount. *See* Stock Purchase Agreement, at ¶¶ 1.2.1 & 1.2.2. Diversified has not cited any portion of the contract that makes J.F. Energy liable for the alleged debt.[1] J.F. Energy is not a necessary party under 19(a)(1) because complete relief can be accorded between the present parties. Only Diversified is alleged to be in breach of the contract and only Diversified would be liable if a judgment is awarded to Wheaton.

### 2. *Rule 19(a)(2)(i)*

■ Nor is J.F. Energy a necessary party under Rule 19(a)(2)(i). Rule 19(a)(2)(i) directs this court to consider the affect of a judgment in this case on the interests of J.F. Energy. *See Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 940 (3d Cir.1994). Diversified has not identified any interest that J.F. Energy has in the present litigation, and we find none. Diversified refers to "that interest" in its brief but never defines what is "that interest." *See* Def.'s Memo. at 8. J.F. Energy is not an obligee or an obligor under the agreement. The Agreement does not create, destroy or affect any interests that J.F. Energy may have independent of the interests of its stockholder. Again, J.F. Energy is a passive participant in the Agreement because it was an asset that was sold by Wheaton to Diversified. Rule 19(a)(2)(i) does not require J.F. Energy to be deemed a necessary party to the present suit.[2]

---

**1.** Even if J.F. Energy is liable under the contract, that alone is insufficient to establish joinder. *See, e.g., Bank of Am. v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050 (3d Cir.1988) (finding potential defendant was not indispensible under Rule 19(b) despite an indemnification agreement between the present defendant and the potential defendant and multiple agreements among all the parties because joint obligors are not indispensible parties). Rule 19(a)(1) would still require an inability to grant complete relief between the present parties before finding an absentee party necessary to the litigation.

**2.** Moreover, any alleged interest that J.F. Energy has is adequately represented by Diversified. "The fact that the absent person may be affected by the judgment does not of itself require his

joinder if his interests are fully represented by parties present." *Owens–Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1191 (3d Cir. 1979) (citing 3A MOORE'S FEDERAL PRACTICE § 19.07–1(2.–1) (2d ed.1979); *Fetzer v. Cities Service Oil Co.*, 572 F.2d 1250, 1255 (8th Cir.1978)). J.F. Energy is wholly owned by Diversified. Any interest that may exist is adequately represented by its sole shareholder in this action. *Cf. HB General Corp.*, 95 F.3d at 1192–3 (denying motion to join a partnership under Rule 19 because the partnership's interests are already adequately represented when all of the partners are individually before the court). Diversified does not mention any interest that J.F. Energy may have that is independent of Diversified's interests.

### 3. Rule 19(a)(2)(ii)

■ Nor is J.F. Energy a necessary party under Rule 19(a)(2)(ii). Rule 19(a)(2)(ii) requires us to determine if J.F. Energy's absence would subject Diversified "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." There is no risk that Diversified would suffer double or multiple judgments against it because of the parallel litigation in state court. First, Diversified is not a defendant in the state suit. Therefore, Diversified is not presently at risk to any second judgment for breaching its contract with Wheaton.[3] Second, J.F. Energy is not liable to Wheaton for Diversified's alleged breach. Only Diversified would owe Wheaton monies if Wheaton were to be successful in this case. J.F. Energy's absence does not expose Diversified to a judgment that should be shared by both J.F. Energy and Diversified.

There is also no risk of inconsistent obligations. Wheaton seeks a judgment at law in her federal action for breach of contract. Diversified seeks a judgment at law in its state court action for breach of contract, unjust enrichment, breach of fiduciary duty, conversion, and punitive damages. Neither party has requested any form of relief that would lead to inconsistent obligations because both are seeking money judgments. Neither party seeks a transfer of J.F. Energy stock; an injunction; a declaratory judgment; specific performance; the contract's cancellation or rescission; or any other form of relief that effects contractual rights or liabilities that may lead to inconsistent obligations when two courts enter judgment on the same transactions and occurrences. If Wheaton prevailed in federal court and Diversified prevailed in state court there may be offsetting financial judgments against each individual. Indeed, there may even be conflicting logical legal conclusions in each court's opinions.[4] But neither party would be subjected to ongoing conflicting obligations on their respective rights and liabilities because no equitable relief is being sought in either court. Rule 19(a)(2)(ii) does not require J.F. Energy to be joined as a necessary party.

### 4. Diversified's Argument

■ Diversified argues that J.F. Energy is a necessary and indispensable defendant to this suit simply because J.F. Energy is a party to the Agreement. We disagree. There is no hard and fast rule that requires all parties to a contract to be joined as parties in a breach of contract suit that is before a federal court sitting in diversity. *See HB General,* 95 F.3d at 1190 (refusing to join a limited partnership entity who was a signator to the agreement when each limited partner was already before the court); *Janney,* 11 F.3d at 405 (finding parent company who was a signator to the contract was not a necessary party under the contract when the subsidiary company was a party and both parties were joint and severally liable to the plaintiff) (cited by 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1613 (2001) ("Today the joinder of obligors is left to the plaintiff's discretion by many courts and the plaintiff may select defendants without being concerned about dismissal because of non-joinder."))[5] Diversified relies on *Rashid v.*

---

3. We do not know if Wheaton has potential cross-claims against Diversified in the state court action. Neither party has discussed whether potential cross-claims will be asserted.

4. *See Field v. Volkswagenwerk AG,* 626 F.2d 293, 301–02 (3d Cir.1980) ("Nor ... does the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, trigger the application of Rule 19" when a separate trial is needed for the defendant to seek indemnification or contribution from an absent plaintiff); *cf. Janney,* 11 F.3d at 411 (finding Rule 19 was not triggered when concurrent state and federal court actions may have lead to different holdings on the liability of two joint and

severally liable defendants on breach of contract claims).

5. Wheaton focused her opposition to Diversified's argument on the Third Circuit's *Janney* case:

> [Absent co-obligor's] joinder is not necessary under Rule 19(a)(1) because the district court can give complete relief to [plaintiff] and [co-obligor] in their action. Rule 19(a)(2)(i) is not triggered by the mere possibility that continuation of this federal case could have some effect on later litigation between [plaintiff] and [absent co-obligor]. That possibility is too speculative to support a holding that [absent co-obligor's] interests will, as a practical matter,

*Kite,* 957 F.Supp. 70, 74 (E.D.Pa.1997) for the proposition that all parties to a contract must be joined as necessary and indispensable parties. *Rashid* is distinguishable for two reasons. First, the court in *Rashid* did not state that *all* parties to a contract must be joined under Rule 19. The *Rashid* court stated that "[g]enerally, in breach of contract actions, all parties to the contract should be joined." *Id.* at 74 (emphasis added). Second, the absent party's status as a contracting party was only used by the court in determining whether the party was indispensable under Rule 19(b). The court found that the absentee party was necessary under Rule 19(a)(2)(i) without reference to the absentee party's status as a contracting party. The court did not circumvent the specific requirements of Rule 19(a) just because an absentee party is a contracting party.

### B. Rule 19(b)

There is no need for us to address the equity balancing test of Rule 19(b) because J.F. Energy is not a necessary party under Rule 19(a). *See Gardiner,* 145 F.3d at 640 ("Only if a party cannot be joined under Rule 19(a), does Rule 19(b) come into play."); *see Bank of Am. v. Hotel Rittenhouse Assocs.,* 844 F.2d at 1054.

### IV. Conclusion

J.F. Energy is not a necessary party under Rule 19(a)(1) because complete relief may be accorded between Diversified and Wheaton. J.F. Energy is not a necessary party under Rule 19(a)(2)(i) because: (1) J.F. Energy and Diversified have not identified what interest J.F. Energy has in this litigation; and (2) J.F. Energy's alleged interests are not being placed at risk because of its absence. J.F. Energy is not a necessary party under Rule 19(a)(2)(ii). The parties in the federal litigation do not face a substantial risk of multiple judgments or inconsistent obligations because of either J.F. Energy's absence or the concurrent state litigation. J.F. Energy is

be impaired or impeded by the continuation of this litigation in its absence. Nor will continuation of this action in [absent co-obligor's] absence expose [defendant] to inconsistent obligations or double liability under Rule 19(a)(2)(ii).

not a necessary party to this litigation and should not be joined under FED. R. CIV. P. 19. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

An appropriate order follows.

### ORDER

AND NOW, this 29th day of January, 2003, upon consideration of Defendant Diversified Energy, LLC's Motion to Dismiss Under Rule 12(b) filed on January 2, 2003[3–1]; and Plaintiff Heidi Wheaton's Memorandum in Opposition to Defendant's Motion to Dismiss filed on January 16, 2003[4–1]; it is hereby **ORDERED** that Defendant Diversified Energy, LLC's Motion is **DENIED.**

*Janney,* 11 F.3d at 413. Wheaton correctly references this case to show that the Third Circuit does not require all contracting persons to be made parties in a breach of contract action. Rule 19(a) must be followed and it cannot be circumvented.