ENZA INC., Salvator Sapienza, and Joanne Sapienza, Plaintiffs,

v.

WE THE PEOPLE, INC., Lawrence Ballard, Michael Yoelson, and Carol Bradley, Defendants.

Civ. A. No. 93–2645.

United States District Court, E.D. Pennsylvania.

Sept. 7, 1993.

Kenneth J. Benton, Philadelphia, PA, Jonathan Van Loan, Frazer, PA, for plaintiffs.

Mark S. Haltzman, Mark S. Haltzman & Assoc., Bala Cynwyd, PA, for defendants.

## ORDER

KATZ, District Judge.

AND NOW, this 7th day of Sept., 1993, upon consideration of Motion By Plaintiffs, Enza Inc., Salvator Sapienza, and Joanne Sapienza, to Dismiss Defendant We The People, Inc. from the Action Pursuant to Fed. R.Civ.P. 21, Defendants' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction or to Set Aside Default Judgment, and the responses thereto, it is hereby **ORDERED** that the Plaintiffs' Motion is **DENIED**, the Defendants' Motion is **GRANTED**, the Default Judgment is **VACATED**, and the Complaint is **DISMISSED** for lack of subject matter jurisdiction.

### FACTS

This suit arises out of a failed "Do-it-yourself" legal business and the partnership agreement that created it.

The plaintiffs allege in their complaint that on August 10, 1991, the plaintiff Mr. Salvator Sapienza met defendant Michael Yoelson, a representative of defendant We the People, Inc. (WTP) at the Business and Franchise show held at the Valley Forge Convention Center. Compl. ¶ 9. Mr. Yoelson stated that WTP was offering partnerships in the business of operating "We The People Business Centers." *Id.* ¶ 10. These centers provided lay people with information and forms necessary for executing certain routine legal transactions, such as bankruptcy, uncontested divorces, wills and trusts. *Id.* Later, Mr. Sapienza met with Yoelson, defendant Lawrence Ballard, and William Ashbury,[1] another representative of WTP. *Id.* ¶¶ 14–15. At this meeting, he was given a booklet detailing WTP's partnership opportunities and a partnership agreement. *Id.* ¶ 15.

Subsequent to the meeting, Mr. Sapienza reviewed materials provided by WTP representatives and decided to pursue a partnership with WTP. *Id.* ¶ 19. However, before he signed the partnership agreement he first consulted with the Better Business Bureau in

---

1. Mr. Ashbury is not named as a defendant in this action.

Tampa, Florida (the principal place of WTP's business). *Id.* ¶ 20. Mr. Sapienza agreed to enter into the WTP partnership and on September 10, 1991, he mailed a $3,000 check to WTP. *Id.* ¶ 22. On September 17, 1991, plaintiff signed the Partnership Agreement and mailed a $37,000 check to WTP. *Id.* ¶ 23. On September 25, 1991, the plaintiffs received a copy of the Partnership Agreement signed by Defendant Carol Bradley as President of WTP Partners # 2111 Inc. *Id.* ¶ 24. Because the plaintiffs desired the protection of the corporate form, they incorporated their business by forming Enza Inc., a Delaware corporation. *Id.* ¶¶ 2, 27. On December 10, 1991, a new superseding Partnership Agreement was executed between Enza, Inc. and WTP Partners # 2111 Inc.[2] *Id.* ¶ 27, Ex. 6. Defendant Yoelson signed as President of WTP Partners # 2111 Inc. *Id.* ¶ 27.

The plaintiffs opened their "We the People Business Center." The center ceased operating on April 30, 1993, after numerous difficulties. *Id.* ¶ 37.

On May 19, 1993, the plaintiffs, Enza Inc., Salvator Sapienza, and Joanne Sapienza, filed suit against the defendants We the People Inc., Lawrence Ballard, Michael Yoelson, and Carol Bradley. Count One of the Complaint asserts a claim for fraudulent misrepresentation against the defendants. Count Two asserts a claim for breach of contract. Diversity jurisdiction, 28 U.S.C. § 1332, is the only basis asserted by the plaintiffs for the court's jurisdiction over this case. However, the complaint asserts that plaintiff Enza, Inc. and defendant We The People, Inc. are both corporations created under the laws of the State of Delaware. Compl. ¶ 2, 3. The defendants failed to answer the complaint. On July 15, 1993, the plaintiffs requested that a default judgment be entered against the defendants. On July 16, 1993, this court entered a default judgment in favor of the plaintiffs and against the defendants.

## DISCUSSION

 The statute conferring diversity jurisdiction on the federal courts, 28 U.S.C. § 1332, is to be strictly construed. *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941). In order to sustain federal jurisdiction based on diversity, all of the parties on one side of the controversy must be citizens of different states from all the parties on other side. *Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 905 F.2d 42, 45 (3d Cir.1990) (quoting *City of Indianapolis,* 314 U.S. at 69, 62 S.Ct. at 16). The burden of proving diverse citizenship falls on the party, in this case the plaintiff, invoking federal jurisdiction. *Lang v. Windsor Mount Joy Mutual Ins. Co.,* 487 F.Supp. 1303, 1305, (E.D.Pa.), *aff'd,* 636 F.2d 1209 (3d Cir.1980). From the face of the complaint, it is clear that the plaintiffs have failed to meet their burden by naming WTP as a defendant.

## Indispensable Party

The question now before this court is whether the court should dismiss the entire suit or whether the court should dismiss just the nondiverse party, i.e. WTP.

 A court may dismiss a nondiverse party in order to achieve diversity, even after judgment has been rendered. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989); *Publicker Industries v. Roman Ceramics,* 603 F.2d 1065, 1069 (3d Cir.1979). Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at **any** stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed.R.Civ.P. 21 (emphasis added). However, WTP can only be dismissed if it is a dispensable party. If WTP is a indispensable party, then this court cannot dismiss WTP, but rather must dismiss the entire suit

**2.** In a letter from Plaintiff Salvador Sapienza to Tom Parnell of We The People dated December 9, 1991, Mr. Sapienza stated that he had enclosed two copies of the revised partnership agreement and that he assumed that "we will each destroy the old agreements." Pls.' Motion Ex. J.

for lack of subject matter jurisdiction. *See Newman–Green, Inc.,* 490 U.S. at 835, 109 S.Ct. at 2224; *Publicker Industries,* 603 F.2d at 1069.

■ An indispensable party is one who not only 'has an interest in the controversy, "but an interest ·of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1011 (3d Cir.1987) (quoting *Shields v. Barrow,* 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1854)), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988).

■ While no precise formula exists for determining whether a party is indispensable, the concept includes elements of prejudice, equity and good conscience. *Lang,* 487 F.Supp. at 1306; Fed.R.Civ.P. 19(b). Federal Rule of Civil Procedure 19(b) sets forth four factor for courts to consider in determining whether or not a party is indispensable. Rule 19(b) provides, in relevant parts:

> The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). Since the plaintiffs have the burden of demonstrating federal jurisdiction in this case, it is their burden to demonstrate that WTP is a dispensable party.

*Count One*

■ In ·Count One, the plaintiffs assert fraudulent misrepresentation claims against the defendants regarding the partnership. In their Memorandum in support of their Motion, the plaintiffs now assert that they meant to name only the individual defendants, and not WTP, as the perpetrators of the fraud. *See* Mem. p. 5. The facts as alleged in the complaint, however, show that the plaintiffs dealt with at least five different representatives of WTP, only three of whom are named in the complaint. Moreover, all the actions of fraud alleged in the complaint occurred on behalf of, or ·in the name, of WTP.

The plaintiffs raise the additional argument that WTP is a dispensable party because the plaintiffs allege that WTP has no meaningful assets. Mem. p. 5. This is irrelevant for jurisdictional purposes. The partnership cases cited by the plaintiffs are also unpersuasive, because the issue is not whether the partnership formed by Enza and WTP is an indispensable party, but rather whether WTP itself is an indispensable party. The essence of the plaintiffs' request requires this court to pierce WTP's corporate veil. The plaintiffs have failed to demonstrate that this is appropriate.

WTP is an indispensable party to Count One. To the extent a judgment rendered in the WTP's absence may be entered, it would be prejudicial to the remaining individual defendants, as they are not parties to the partnership agreement. Moreover, the plaintiffs in this case sought and received a default judgment. This default was obtained despite the fact that, on its face, the plaintiffs' complaint failed to adequately assert the requisite subject matter jurisdiction of this court. It would be prejudicial to allow dismissal of WTP, but retain the judgment against the individual defendants. The plaintiffs will suffer no prejudice if they are forced to litigate this case in state court.[3] The prejudice of any judgment in this court cannot be lessened or avoided by the shaping of requested relief. A judgment rendered in WTP's absence may be inadequate. The plaintiffs may pursue an adequate remedy in the state court system, if this federal action is dismissed for lack of subject matter jurisdiction.

*Count Two*

■ In Count Two, the plaintiffs assert a breach of contract claim against the defen-

---

**3.** As opposed to other cases where courts have dismissed nondiverse parties to maintain diversity and lower court judgments, this case is in an early pretrial posture. *See Curley v. Brignoli, Curley & Roberts Assocs.,* 915 F.2d 81, 91–92 (2d Cir.1990).

dants. The contracts in question were between the plaintiffs and WTP Partners # 2111 Inc.[4] The individual defendants were not parties to the contract. The plaintiffs assert, "[o]n information and belief," that WTP Partners # 2111 Inc. is a nonexistent corporation. Pls.' Mem. p. 4. The plaintiffs further assert that WTP was not a party to the agreement. *Id.* pp. 4–5. However, the distinction the plaintiffs are attempting to assert between WTP and WTP Partners # 2111 Inc. appears to have arisen as a result of the need to file this Motion. While the partnership was in progress, the parties did not appear to regard WTP and WTP Partners # 2111 Inc. as two separate legal entities. For example, Mr. Sapienza addressed a letter[5] regarding the formation of partnership agreement between Enza and WTP Partners to Tom Parnell[6] of WTP. Pls.' Motion Ex. J. Additionally, the checks which Mr. Sapienza sent to form the partnership were made out to WTP, and not to WTP Partners # 2111 Inc. Compl.Ex. 3, 5. Finally, WTP, and not WTP Partners # 2111 Inc., was named by the plaintiffs as a party defendant in their complaint.

The plaintiffs in their complaint have not alleged that the individual defendants were parties to the partnership agreements in issue. Since the individual defendants are not party to either partnership agreement, they cannot be legally bound by them. *Marshall v. Port Authority*, 524 Pa. 1, 568 A.2d 931, 936 (1990); *CH2M Hill Southeast, Inc. v. Pinellas County*, 598 So.2d 85, 89 (Fla.Dist. Ct.App.), *review den.*, 613 So.2d 7 (Fl.1992); 13 Pa.C.S.A. § 3402. With regard to Count Two, WTP is an indispensable party, since it is appears to be the only defendant who was a party to the contract which was allegedly breached.

---

**4.** The contracts had a forum selection clause stating that the "proper venue for all litigation shall lie in Hillsborough County, Florida." Compl., Ex. 6, ¶ 16.

**5.** This letter is the only correspondence from the plaintiffs to the defendants that is part of the record.

**6.** Mr. Parnell is not named as a defendant in this action.