656 A.2d 491

Anita L. CAMPANARO, Lois Diggins, Janice M. Durry, Nancy A. Foster, Melissa K. Fultz, Patricia Kay Germann, Mary Ann Grove, Karen A. Hallman, Theresa M. Heane, Kimberlee A. Johnnie, Michelle R. Jones, Rhonda E. Miller, Gloria J. Morgan, Cathy D. Reifsteck, Beverly J. Rosenberry, Kimberly A. Sager, Paula J. Schunk, Robin M. Washington, Patricia A. Wertz, Beverly M. Wilson, Leann B. Wray, Appellants

v.

PENNSYLVANIA ELECTRIC COMPANY.

Superior Court of Pennsylvania.

Argued Oct. 25, 1994.

Filed Feb. 10, 1995.

Reargument Denied April 21, 1995.

Stephen D. Wicks, Altoona, for appellants.

William J. Payne, Wayne, for appellee.

Before CIRILLO, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the March 8, 1994 order granting appellee's, Pennsylvania Electric Company ["Penelec"], preliminary objections and thereby dismissing appellants' complaint. Appellants, twenty-one female employees, present the following issue for our review:

I. Whether the lower court erred by concluding that a union is an indispensable party to a claim for sexual discrimination by union members against their employer where the

only relief sought is an equalization of pay increases from the employer?

Appellants Brief at 4. For the following reasons, we reverse and remand.

■ Appellants filed a class action lawsuit against Penelec August 26, 1993, alleging that wage rates negotiated between Penelec and appellants' union, Utility Workers Union of America, Local Union No. 180, AFL–CIO ["Local 180"], discriminated against appellants because of their sex in violation of the Pennsylvania Human Relations Act ["PHRA"]. 43 P.S. § 955, et seq.[1] Appellants seek: (1) to void the wage rates in question; (2) an award of back pay and benefits; (3) along with damages for mental anguish, emotional distress, and loss of self-esteem caused by the alleged discrimination; (4) costs; (5) expert witness fees; and (6) attorney's fees.

Penelec filed preliminary objections on October 27, 1993 seeking to dismiss appellants' complaint because Local 180, an indispensable party, was not joined. The trial court, by its March 8, 1994 order, granted Penelec's preliminary objections and dismissed the complaint for lack of jurisdiction for failure to join an indispensable party. This timely appeal followed.

Appellants contend that the trial court erred in dismissing their complaint for failure to join an indispensable party. We agree.

■ The general law regarding joinder of indispensable parties is well established in Pennsylvania. Our Supreme Court explained:

It is true, of course, that unless all indispensable parties are made parties to an action, a court is powerless to grant relief. Thus, the absence of such a party goes absolutely to

---

1. Although appellants filed timely administrative claims against Penelec, appellants never brought an administrative claim against Local 180. As appellants failed to timely file a discrimination action against Local 180 with the Pennsylvania Human Relations Commission, they are now precluded from asserting a claim against Local 180. *Snyder v. Pa. Assoc. of School Retirees,* 389 Pa.Super. 261, 566 A.2d 1235 (1989) (failure to present particular claim at administrative stage bars plaintiff from later asserting that claim in lawsuit).

the court's jurisdiction. A party is indispensable when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights.

*Sprague v. Casey,* 520 Pa. 38, 48, 550 A.2d 184, 189 (1988) (citations omitted). To determine whether a party is indispensable, a court must consider:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 956 (1981).

█ Here, although Local 180 has an interest in the contract it negotiated with Penelec, Local 180 is not an indispensable party because appellants seek no relief from Local 180. *Sprague,* 520 Pa. at 49, 550 A.2d at 189 (party against whom no redress is sought need not be joined); *Kern v. Duquesne Brewing Co.,* 17 D. & C.2d 299, 307–308 (1958), *affirmed,* 396 Pa. 279, 152 A.2d 682 (1959) (union is not an indispensable party where employees, seeking an injunction and damages against employer, failed to join union in suit). We note that the trial court found Local 180 to be indispensable because as a party to the collective bargaining agreement, "it is clear that the Court may be unable to fashion complete relief between the present parties." Trial Court Opinion, 3/8/94 at 5–6. However, the applicable standard is "a party is indispensable when his or her rights are so connected with the claims of the litigants that *no decree* can be made without impairing those rights." *Sprague,* 520 Pa. at 48, 550 A.2d at 189 (citations omitted) (emphasis added). Here, there is no indication appropriate relief could not be fashioned, if necessary.

■ In addition, as this issue has not been litigated extensively in our courts, we turn to Title VII cases for guidance.[2] These cases have held that an employee's discrimination claim against an employer should not be dismissed based upon the employee's failure to name the union in the administrative proceeding.[3]

In *Evans v. Sheraton Park Hotel*, 503 F.2d 177 (D.C.Cir. 1974), the court refused to dismiss plaintiff's case even though it found two unions, who had not been named by plaintiff in the administrative action before the EEOC, were indispensable parties. The Court of Appeals for the District of Columbia explained:

> We do not believe that the procedures of Title VII [requiring a plaintiff to exhaust administrative remedies] were intended to serve as a stumbling block to the accomplishment of the statutory objective. To expect a complainant at the administrative stage, usually without aid of counsel, to foresee and handle intricate procedural problems which could arise in subsequent litigation, all at the risk of being cast out of court for procedural error, would place a burden on the complainant which Congress neither anticipated nor intended.

*Evans*, 503 F.2d at 183. *See also EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir.1974) (where union is not alleged to have violated Title VII, "requiring a discriminatee to name a nonviolating union in a charge would serve no purpose"). Similarly here, it would be unfair to dismiss appellants' entire case based upon their failure to join the union at the administrative level. Accordingly, we reverse

---

2. Pennsylvania courts may look to Title VII precedents when interpreting the PHRA. *Kryeski v. Schott Glass Technologies*, 426 Pa.Super. 105, 111, 626 A.2d 595, 598 (1993), *appeal denied*, 536 Pa. 643, 639 A.2d 29 (1994).

3. Although Pennsylvania's joinder rule, Pa.R.Civ.P. 2227 is not a replica of Rule 19(a) of the Federal Rules of Civil Procedure, the case law interpreting both joinder rules address whether complete relief can be afforded and whether the absent party would be prejudiced. *Compare* Standards Pennsylvania 2d §§ 14:177–179 with *Enza Inc. v. We The People, Inc.*, 838 F.Supp. 975, 978 (E.D.Pa.1993).

and remand so that the case may be tried, between the appellants and appellee, on its merits.

Reversed and remanded.

CIRILLO, J., files a dissenting statement.

CIRILLO, Judge, dissenting:

In my view, Local 180 is an indispensable party to the instant action because: (1) Local 180 is a party to the collective bargaining agreement ("CBA") with Penelec; and (2) the appellants' PHRA claims against Penelec go to the validity of the CBA itself, the terms and conditions of which were bargained for by Local 180, as the appellants' exclusive representative.

In light of the above, I find that the trial court correctly considered all of the relevant factors outlined by the Pennsylvania Supreme Court in *Mechanicsburg Area Sch. Dist. v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981). *See also Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988). Local 180's rights and interests under the CBA are inextricably linked to the appellants' claims in the underlying lawsuit. Particularly, the challenged wage rates were a product of the collective bargaining process between Local 180 and Penelec. As such, a decision on the PHRA claim in favor of the appellants would have the effect of setting aside and/or modifying the wage provisions of the CBA, without first affording Local 180 an opportunity to exercise its due process rights. I cannot countenance such a result.

It is well settled in this Commonwealth that due to the Pennsylvania Human Relations Commission's ("PHRC") particular expertise in handling discrimination cases, a complainant must exhaust all remedies before the PHRC before he or she may turn to the courts. *Clay v. Advanced Computer Applications,* 522 Pa. 86, 90–91, 559 A.2d 917, 919 (1989); *Snyder v. Pennsylvania Ass'n of Sch. Retirees,* 389 Pa.Super. 261, 269–270, 566 A.2d 1235, 1239 (1989). It is not disputed that while appellants filed timely administrative claims with the PHRC against Penelec, they failed to do so with respect to

Local 180. As such, appellants are now barred from joining Local 180 as a defendant to this lawsuit.

Because I find that Local 180 is an indispensable party to this action, but one which cannot now be joined as a party defendant, I conclude that the trial court properly dismissed the appellants' complaint. For these reasons, I respectfully dissent.