**Randy L. IMLER, Appellant,**

**v.**

**HOLLIDAYSBURG AMERICAN LEGION AMBULANCE SERVICE, Appellee.**

Superior Court of Pennsylvania.

Submitted April 6, 1999.

Filed May 25, 1999.

Stephen D. Wicks, Altoona, for appellant.

Stephen M. Elek, Pittsburgh, for appellee.

Before POPOVICH, LALLY–GREEN, JJ., and CIRILLO, President Judge Emeritus.

LALLY–GREEN, J.:

¶ 1 Appellant, Randy L. Imler, appeals from the order of the Court of Common Pleas of Blair County, entered July 7, 1998, granting summary judgment in favor of Appellee, Hollidaysburg American Legion Ambulance Service (HALAS). We affirm.

¶ 2 The facts, as found by the trial court, are as follows. After graduation from high school, Appellant worked as a male attendant at Nason Hospital in Roaring Spring, PA and held a part-time position as a volunteer ambulance attendant for HALAS. By January 1, 1985, Appellant had advanced to a paid staff position as a part-time paramedic. On December 25, 1987, Appellant sustained a herniated disc in a work-related accident at Nason Hospital. The injury forced Appellant to take an eight-month leave of absence from both jobs.

¶ 3 Appellant worked as a phlebotomist and clerk upon returning to Nason Hospital because his physician wanted him to avoid heavy lifting. In September of 1990, Appellant secured a part-time position as a paramedic with Duncansville Emergency Medical Service. Appellant is still employed as a paramedic by Duncansville.

¶ 4 In 1992, Appellant was laid off from his position with Nason Hospital due to reduction in the work force. Also in 1992, Appellant applied for a full-time position as a paramedic with HALAS. At that time, Appellant's physician had released him to work from his 1987 disk injury. HALAS accepted Appellant for the position subject to a requirement that he pass a physical examination.

¶ 5 The physical examination was conducted on October 19, 1992 at the Altoona Rehabilitation Hospital. Appellant underwent a physical examination utilizing an Erg–Analyzer/Physiometer which measures how much an individual is capable of lifting using his or her low back and leg musculature. The lift test was performed within the parameters required by Appellant's herniated disc injury history. Appellant was unable to pass any of the lift tests. The Board of Directors of HALAS withdrew the offer of employment on the basis of Appellant's test results.

¶ 6 Appellant subsequently filed suit against HALAS alleging violations of the Pennsylvania Human Relations Act, 43 P.S. §§ 951–963, and the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101–12213. HALAS filed preliminary objections in the nature of a demurrer and to the subject matter jurisdiction of the trial court based on Appellant's failure to attach a "right to sue" letter to his complaint.[1] On May 10, 1995, the trial court dismissed both preliminary objections.

¶ 7 Following discovery, HALAS filed a motion for summary judgment alleging Appellant failed to set forth a sufficient cause of action. On July 7, 1998, the trial court granted the motion for summary judgment. This appeal followed.

¶ 8 Appellant raises one issue on appeal:

1. HALAS argued that the trial court lacked subject matter jurisdiction because Appellant failed to attach to his complaint a right to sue letter from the PHRA indicating an exhaustion of administrative remedies. The trial court held "no requirement exists that a 'right to sue' letter be attached to the complaint." Trial Court Opinion and Order, 5/10/95, at 12. This ruling was not raised as an issue on appeal.

Whether there are no issues of fact and HALAS is entitled to judgment as a matter of law on Imler's claims that HALAS violated the Pennsylvania Human Relations Act and the American's [sic] With Disabilities Act when it terminated him from his part-time paramedic position and denied him a full-time paramedic position based upon his alleged inability to safely lift more than 100 pounds as a result of a herniated disc?

Appellant's Brief at 7.

¶ 9 Our standard of review is set out in the following passage:

It is well settled that when reviewing the propriety of a trial court's order granting summary judgment, we must view the record in the light most favorable to the non-moving party and determine whether the moving party has established that there exists no genuine issue of material fact and that it is therefore entitled to judgment as a matter of law. *Skipworth v. Lead Industries Assoc.*, 547 Pa. 224, 230, 690 A.2d 169, 171 (1997). The non-moving party is entitled to all reasonable inferences. Any doubts as to the existence of a factual dispute must be resolved in the non-moving party's favor and summary judgment is appropriate only in the clearest of cases. *Kingston Coal Co. v. Felton Mining Co., Inc.*, [456 Pa.Super. 270] 690 A.2d 284, 287 (Pa.Super.1997).

*Roman Mosaic & Tile v. Aetna Casualty & Surety*, 704 A.2d 665, 668 (Pa.Super.1997).

¶ 10 Both the Pennsylvania Human Relations Act (PHRA) and the Americans with Disabilities Act (ADA) prohibit an employer from discriminating against an employee because of a disability. The PHRA[2] provides:

It shall be an unlawful discriminatory practice ...:

For any employer because of the ... non-job-related handicap or disability ... of any individual ... to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required.

43 P.S. § 955(a). Section 955 ends with the proviso: "This section of the act shall not be construed to prohibit the refusal to hire or the dismissal of a person who is not able to function properly in the job applied for or engaged in." *See*, 43 P.S. § 955.

¶ 11 A person has a "handicap or disability" when he or she has:

(1) a physical or mental impairment which substantially limits one or more of such person's major life activities;

(2) a record of having such an impairment; or

(3) being regarded as having such an impairment. . . .

43 P.S. § 954(p.1)(1)–(3). A "non-job-related handicap or disability" is defined as "any handicap or disability which does not substantially interfere with the ability to perform the essential functions of the employment which a handicapped person applies for, is engaged in or has been engaged in." 43 P.S. § 954(p). Assuming that a plaintiff can demonstrate that a disability exists, the plaintiff must also

---

**2.** Generally speaking, in order to be entitled to relief under the PHRA, a plaintiff must establish a *prima facie* case by proving:

    a) That he or she belonged in a protected class (a handicapped or disabled person)
    b) That he or she applied for a position for which he was qualified

    c) That his or her application was rejected; and
    d) That the employer continued to seek applicants of equal qualifications.

*General Elec. Corp. v. Pennsylvania Human Relations Commission*, 469 Pa. 292, 304, 365 A.2d 649, 655–656 (1976).

demonstrate that he or she is able to perform the essential functions of the job in order to recover under the PHRA. *Magel v. Federal Reserve Bank of Philadelphia*, 776 F.Supp. 200, 203 (E.D.Pa.1991). *See also*, 43 P.S. § 955(a). The PHRA does not bar unequal treatment "on the basis of ... one which interferes with the ability to perform the essential functions of the job." *Magel*, 776 F.Supp. at 203.

¶ 12 Similarly, the ADA provides [3]:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C.A. § 12112(a). The ADA defines a "disability" as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such impairment; or

(C) being regarded as having such an impairment.

42 U.S.C.A. § 12102(2); 29 C.F.R. § 1630.2(g).

■■■ ¶ 13 Working is a major life activity. 29 C.F.R. § 1630.2(i). With respect to "working," the term "substantially limits" means that the plaintiff is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Frix v. Florida Tile Industries, Inc.*, 970 F.Supp. 1027, 1033 (N.D.Ga. 1997). The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. *Id. See also*, 29 C.F.R. § 1630.2(j)(3)(I); *Gordon v. E.L. Hamm & Assocs., Inc.* 100 F.3d 907, 912 (11th Cir.1996); *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1133 (11th Cir.1996) (amended on reh'g in part by, 102 F.3d 1118 (11th Cir.1996)). A person with a disability must be able to perform the essential functions of the job. 29 C.F.R. § 1630.2(n). Evidence of whether a particular function is "essential" includes, among other things: the employer's judgment as to what functions of a job are essential; the amount of time spent on the job performing the particular function; and the consequence of not requiring the job holder to perform the function. 42 U.S.C.A. § 12111(8); 29 C.F.R. § 1630.2(n)(3). *See also, Strathie v. Department of Transportation*, 716 F.2d 227, 231 (3rd Cir.1983) (interpreting analogous Rehabilitation Act).

■■ ¶ 14 The PHRA and ADA are interpreted in a co-extensive manner. This is because the PHRA and ADA deal with similar subject matter and are grounded on similar legislative goals. *Kelly v. Drexel University*, 907 F.Supp. 864, 874 (E.D.Pa.1995). *See also, Doe v. Kohn Nast & Graf*, 862 F.Supp. 1310, 1323 (E.D.Pa.1994) (stating that since the PHRA was modeled after Title VII, it is analyzed the same as Title VII is analyzed and, therefore, the same as the ADA is analyzed); *Chmill v. City of Pittsburgh*, 488 Pa. 470, 490–91, 412 A.2d 860, 871 (1980) (although the PHRA is an independent state statute, it should be construed in light of fair employment law which emerged from federal anti-discrimination statutes). Courts of this Commonwealth may look to federal court decisions when

---

**3.** In order to be entitled to relief under the ADA, one must demonstrate:
   a) That he is a member of a protected class in that he has a disability;
   b) That he is qualified for the position or that he can perform the work with reasonable accommodations; and
   c) He has suffered an adverse employment decision as a result of discrimination.
*Deane v. Pocono Medical Center*, 142 F.3d 138, 142 (3d Cir.1998); *Olson v. General Electric Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996).

interpreting the PHRA, even though those decisions are not binding on state courts. *Hoy v. Angelone*, 456 Pa.Super. 615, 691 A.2d 485, 486 (1997); *Campanaro v. Pennsylvania Electric Co.*, 440 Pa.Super. 519, 656 A.2d 491, 493–494 (1995). Thus, we use as guidance the decisions of the federal courts to assist in the interpretation of the PHRA.

¶ 15 The critical questions here are whether Appellant can establish he has a "disability" under the PHRA and the ADA, and if so, whether he is able to perform the essential functions of the job in spite of the disability. We first address whether Appellant can establish that he has a disability under either law. Appellant concedes that he did not have a physical impairment that substantially limited a major life activity at the time of his application and discharge with HALAS. Appellant's Brief at 17. However, he complains that he had a record of a disability and that HALAS regarded him as disabled.

■■■■ ¶ 16 First, Appellant argues that he is disabled because he had a record of a disability for over four (4) years. A disability of a limited duration is not considered a disability for purposes of the ADA. *McDonald v. Commonwealth of Pennsylvania, Department of Public Welfare, Polk Center*, 62 F.3d 92, 95 (3d Cir. 1995). Thus, plaintiffs do not suffer a disability under either the PHRA or the ADA when they suffer from an injury of a temporary nature. *Goetz v. Samuel Aaron, Inc.*, 1998 U.S. Dist. Lexis 9104, 1998 WL 372427; *Davis v. Pitney Bowes, et al.*, 1997 U.S. Dist. Lexis 16258, 1997 WL 655935. The record reveals that: Appellant had a herniated disk back condition from a December of 1986 incident; his doctor affirmed there was no further disability as of July of 1988; and, the total duration of the back impairment was eighteen (18) months. *See* HALAS Motion for Summary Judgment, Exhibit C. Since Appellant's impairment was temporary in nature, it did not qualify as a disability under

either act. And, logically, one does not have a record of a disability when the claimed disability is not a disability because it is of a temporary nature. Thus, Appellant fails to demonstrate he had a record of a disability under either act.

■■■■ ¶ 17 Next, Appellant complains he is entitled to relief under the acts because he was "regarded as" being disabled by HALAS because he could not lift over 100 pounds. In order to recover under the "regarded as" theory, the Appellant must demonstrate that the employer regarded him as being disabled, i.e., as having an impairment that substantially limited one or more of Appellant's major life activities. *Deane*, 142 F.3d at 143. A supervisor's mere awareness of an employee's impairment does not prove that the supervisor perceived the impairment as disabling for purposes of the PHRA and ADA. *Kelly*, 907 F.Supp. at 874.

¶ 18 Further, the federal courts have held that an inability to lift a designated amount of weight does not constitute a "disability" for purposes of the ADA because the lifting restriction does not significantly restrict major life activities. *See Williams v. Channel Master Satellite Systems, Inc.*, 101 F.3d 346, 349 (4th Cir.1996) (holding as a matter of law that a 25 pound lifting restriction does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity) (citing *Aucutt v. Six Flags Over Mid–America*, 85 F.3d 1311, 1319 (8th Cir. 1996) (holding 25 pound lifting restriction did not "significantly restrict" major life activities)). *See also, Thompson v. Holy Family Hospital*, 121 F.3d 537, 540 (9th Cir.1997) (holding plaintiff's lifting restrictions of 25, 50, and 100 pounds are not substantially limiting); *Ray v. Glidden Co.*, 85 F.3d 227, 229 (5th Cir.1996) (holding the inability to perform heavy lifting does not render a person substantially limited in the major activities of lifting or working).

¶ 19 Appellant fails to demonstrate that HALAS or an HALAS supervisor regarded Appellant as having a disability. First, one is not a person with a disability because one is restricted in the lifting of a certain amount of weight. *See, e.g., Williams, Aucutt, Thompson* and *Ray, supra.* Second, Appellant fails to ·demonstrate that HALAS or an HALAS supervisor regarded him as disabled just because he could not lift the designated amount.[4] Thus, Appellant fails to demonstrate that he was regarded as having an impairment that substantially limited his major life activities.

¶ 20 Accordingly, based on a review of the record, the trial court did not err in granting the summary judgment motion of HALAS because Appellant did not adduce sufficient evidence to create a genuine issue of material fact with respect to the elements of his *prima facie* case under either the PHRA or ADA.

¶ 21 Order affirmed.

---

4. We observe that the record reflects that Appellant engages freely in major life activities. He works as a paramedic with Duncansville Emergency Medical Service, maintains an active lifestyle, and, by his own admission, participates in numerous recreational activities including hunting, fishing, baseball, football, fly fishing, and target practice. *See* HALAS Motion for Summary Judgment, Exhibit E.