**Two River Community Bank v. Fox Funding PA, LLC**

C.P. of Carbon County, No. 09-0006

*Scott M. Rothman*, for plaintiff.
*Anthony Roberti*, for respondent Melo Enterprises, LLC

NANOVIC, *P.J.*, September 10, 2013—Melo Enterprises, LLC ("Melo") has appealed two orders entered by us on July 9, 2013: one setting aside a sheriff's sale which occurred on November 6, 2009, the other denying Melo's request to satisfy the underlying judgment upon which the sale was based.

This opinion is filed in accordance with Pa.R.A.P. 1925(a).

PROCEDURAL AND FACTUAL BACKGROUND

This is a mortgage foreclosure action. The mortgage foreclosed upon (the "bank mortgage") was executed by Fox Funding PA, LLC ("mortgagor"), a Pennsylvania limited liability company, on October 21, 2005, in favor of The Town Bank ("bank"), which later merged with Two River Community Bank. Upon default in payment of the indebtedness secured by the mortgage, an action in mortgage foreclosure was commenced by bank against mortgagor on January 2, 2009. Pursuant to Pa.R.C.P. 2352(a), Two River Community Bank, as successor by merger to The Town Bank, was substituted as plaintiff on April 13, 2009.[1]

On August 31, 2009, bank's motion for judgment on the pleadings was granted and a judgment in rem was entered in favor of bank and against mortgagor in the amount of $1,126,126.55, plus interest, costs of suit, and reasonable attorney fees in an amount to be determined by the court. Upon praecipe, a writ of execution to satisfy this judgment was issued on September 10, 2009, against mortgagor with respect to the property listed as the collateral in the bank mortgage (the "mortgaged property"). A sheriff's sale of this property was held on November 6, 2009. The purchaser was 1400 Market Street, LLC, to whose use bank's judgment, and its rights under the bank mortgage and underlying note, were assigned immediately prior to the sheriff's sale. On November 30, 2009, a sheriff's deed for the mortgaged property issued to 1400 Market Street and was duly recorded in the Carbon County Recorder of

---

1. Because Two River Community Bank's interest in the mortgage is the same as that previously held by The Town Bank, for ease of reference the term bank as used in this opinion also includes The Town Bank's successor, Two River Community Bank.

Deeds Office on December 7, 2009, in Carbon County Document Book 1810, page 652.

It is undisputed that mortgagor never held title to or an ownership interest in the mortgaged property, either at the time the bank mortgage was executed or later. Instead, the real owner of the property was Fox Funding, LLC ("owner"), a New Jersey limited liability company, separate and distinct from mortgagor, although both are allegedly owned or controlled by the same person, James P. Harrison, who is also the managing member for both. In separate proceedings docketed in this court at No. 12-0788, 1400 Market Street seeks to rescind and reform the bank mortgage and the note it secures, both executed by Mr. Harrison as the managing member of mortgagor at a settlement held on October 21, 2005, to reflect the averred true and intended borrower, owner, to whom title to the mortgaged property was transferred at the same time.

At the settlement held on October 21, 2005, two deeds conveying title to the mortgaged property were delivered to owner: one from Harry, Catherine, John, and Linda Roscoe for thirty-six acres (the "Roscoe parcels") and one from Dennis and Elsie Waselus for one hundred thirty-two acres (the "Waselus parcels").[2] As part of the purchase

---

2. This was in accordance with a $1,300,000.00 loan commitment from bank to owner dated October 13, 2005, pursuant to which owner was to acquire title to the Roscoe and Waselus parcels which in turn were to be used by owner as collateral for a first lien mortgage to bank to secure payment of the loan. Between the date of execution of the loan commitment and the date of closing, it was agreed to break the loan into two separate amounts: $1,075,000.00 to be secured by the first lien mortgage, and $225,000.00 to be secured by a second mortgage existing as a second lien on the Roscoe parcels and a third lien on the Waselus parcels.

price for their property, the Waseluses took back a mortgage from owner in the face amount of $372,000.00. This mortgage (the "Waselus mortgage"), which correctly identified owner as the borrower, and was executed by Mr. Harrison in his capacity as the managing member of owner, expressly stated that it was

> UNDER AND SUBJECT, in both lien and payment, to a construction and purchase loan mortgage to secure the payment of the principle sum of ONE MILLION SEVENTY-FIVE THOUSAND AND 00/100 ($1,075,000.00) DOLLARS given by [Owner] to Town Bank dated October 21, 2005, and intended to be recorded forthwith.[3]

Nevertheless, because the bank mortgage named and was executed by mortgagor, as the mortgagor therein, rather than by owner, to whom title to both the Roscoe and Waselus parcels (the mortgaged premises described in the bank mortgage) had been conveyed, the mortgage was in fact executed by a party which had no record or real interest in the mortgaged premises.

On November 8, 2010, Melo purchased the Waselus mortgage for $1,000.00. At the time, the unpaid principal balance owed was in excess of $360,000.00. Not only

---

3. Joseph Sinisi, whose name appears in the caption of this case, is a junior mortgage holder to whom owner granted a mortgage on or about December 30, 2008. Mr. Sinisi's mortgage describes multiple parcels, in addition to those identified in the bank mortgage, as securing the debt owed to him. The Sinisi mortgage expressly references the bank and Waselus mortgages, and ostensibly constitutes a fourth lien mortgage on the Waselus parcels. *See* petition to set aside sheriff's sale, paragraphs 19-22. The existence of the Sinisi mortgage does not affect our analysis of the issues under appeal.

did Melo know at the time of purchase that the Waselus mortgage was intended to be a second mortgage to the bank's first mortgage in the amount of $1,075,000.00, Melo also knew that the title 1400 Market Street acquired to the mortgaged premises by virtue of the November 30, 2009, sheriff's deed was subject to challenge since the bank mortgage was not executed by the true property owner.[4]

On December 3, 2010, Melo commenced a foreclosure action against owner docketed to No. 10-3538 in this court seeking to foreclose on the Waselus mortgage. 1400 Market Street was permitted to intervene. In response to 1400 Market Street's contention that the Waselus mortgage was discharged in the foreclosure proceedings on the bank mortgage, Melo argued that mortgagor, as a stranger to title, had neither the power nor the authority to grant a mortgage on the Waselus parcels, and that the sheriff's deed which issued upon execution could convey no better title to this property than that held by mortgagor. We accepted Melo's argument and held that the Waselus mortgage was not extinguished by the sheriff's sale, but remained as a valid, enforceable lien. *See Melo Enterprises v. Fox Funding*, 18 Carbon Co.L.J. 595 (memorandum opinion of February 15, 2012).

On February 28, 2013, Melo filed its petition in these

---

4. In this context, it is worth noting that "[a] petition to set aside a sheriff's sale invokes the equitable powers of the trial court." *Jefferson Bank v. Newton Associates*, 686 A.2d 834, 838 (Pa. Super. 1996). Though bank repeatedly raises whether Melo should be barred by the doctrine of unclean hands from opposing its petition, we found it unnecessary to reach this issue in our resolution of the petition and Melo's request to have the mortgage judgment marked satisfied.

proceedings to have bank's August 31, 2009, foreclosure judgment marked satisfied under the Deficiency Judgment Act, 42 Pa.C.S.A. §8103. On March 8, 2013, bank filed its petition seeking to set aside the November 6, 2009, sheriff's sale. By order dated July 9, 2013, we set aside the sheriff's sale held on November 6, 2009, and vacated the in rem judgment taken on August 31, 2009. In a separate order of the same date, we also denied Melo's petition to mark the judgment satisfied. Both orders are the subject of Melo's appeal taken on August 7, 2013.

## DISCUSSION

In resolving both appeals,[5] we believe the controlling question is whether the real owner of property is an indispensable party to a mortgage foreclosure proceeding. An action in mortgage foreclosure is strictly an in rem proceeding based on the mortgage. *Newtown Village Partnership v. Kimmel*, 621 A.2d 1036, 1037 (Pa. Super. 1993). In consequence, the Pennsylvania Rules of Civil Procedure require the real owner of property, as well as the mortgagor — unless the plaintiff releases such person from liability for the debt secured by the mortgage — be named as defendants. Pa.R.C.P. No. 1144.

An indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *Campanaro v. Pennsylvania Elec. Co.*, 656 A.2d 491, 493 (Pa. Super.

---

5. Melo filed one notice of appeal appealing two separate orders. This practice is at best frowned upon, and, at worst, may result in one or more appeals being quashed. *Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 888 (Pa. Super. 2012); *M.R. Mikkilineni v. Amwest Surety Ins. Co.*, 919 A.2d 306, 311 (Pa. Cmwlth. 2007).

1995) (quoting *Sprague v. Casey*, 550 A.2d 184, 189 (Pa. 1988)). "Unless all indispensable parties are made parties to an action, a court is powerless to grant relief. Thus, the absence of such a party goes absolutely to the court's jurisdiction." *Id.* "The absence of an indispensable party renders any decree or order in the matter void for lack of jurisdiction." *Hubert v. Greenwald*, 743 A.2d 977, 980 (Pa. Super. 1999).

As a matter of law, a real property owner cannot be deprived of his property in an action of mortgage foreclosure in which he is not a party. *Commercial Banking Corp. v. Culp*, 443 A.2d 1154, 1156 (Pa. Super. 1982). As the real owner of the property subject to this mortgage foreclosure, owner (Fox Funding LLC) was a necessary and indispensable party to this action. *Biernacki v. Redevelopment Authority of Wilkes-Barre*, 379 A.2d 1366 (Pa. Cmwlth. 1977) (owner of real estate is an indispensable party to proceedings seeking transfer of title to the property to another); *Hart v. O'Malley*, 647 A.2d 542, 549 (Pa. Super. 1994) ("Appellate courts have consistently held that property owners are indispensable parties in lawsuits concerning the owners' property rights."). Without owner's joinder, no relief was possible since an action in mortgage foreclosure is in rem and binds only the mortgaged property. In consequence, bank's failure to name owner as a defendant, deprived this court of jurisdiction to act *vis-a-vis* the mortgaged premises and renders the judgment entered on August 31, 2009, a legal nullity. This error was compounded when execution was attempted on the judgment.

In our February 15, 2012, memorandum opinion, we

wrote:

> In its simplest terms, the Bank mortgage was not executed by either the real or record owner of the property. Further, the in rem judgment which the Bank sought to obtain in its mortgage foreclosure action against Fox Funding PA, LLC was against an entity which never held an interest in the property. It necessarily follows that the sheriff's deed which issued upon execution on this judgment and which purported to convey such title in the property as was held by Fox Funding PA, LLC to Buyer, in reality conveyed nothing. A sheriff's deed can convey no better title than that held by the judgment debtor. *Tonge v. Radford*, 156 A. 814, 815 (Pa. Super. 1931) ("A purchaser of land at sheriff's sale buys at his own risk and acquires only the interest which the defendant in the execution had, and no more.") (construing *Weidler v. Farmer's Bank of Lancaster*, 11 Serg. & Rawle 134 (Pa. 1823)).

*Melo Enterprises v. Fox Funding*, 18 Carbon Co.L.J. 595, 599 (2012). This is equally relevant to the present discussion.

Because the judgment upon which the sheriff's execution emanated was a nullity and because the sheriff was without authority to convey any interest in real estate in an in rem proceeding in which the defendant/debtor never owned or held an interest, our order setting aside the sheriff's sale and vacating the in rem judgment was appropriate. *Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009) ("A sheriff's sale may be set aside after delivery of the

sheriff's deed based on fraud and lack of authority to make the sale."); *see also Workingmen's Sav. and Loan Ass'n v. Kestner*, 652 A.2d 327, 328 (Pa. Super. 1994) ("After delivery of a sheriff's deed to a purchaser, the only attacks possible on the sheriff's sale are those based on fraud which vitiates the transaction or a lack of authority to make the sale.").

Our order denying Melo's petition to mark the judgment satisfied is a necessary corollary of the foregoing. Having determined that this court was without jurisdiction to act in a mortgage foreclosure action in which the real owner of the property was not joined, that the judgment entered in that action was void *ab initio*, and that the sheriff's deed which thereafter issued conveyed nothing, to argue, as Melo does, that the judgment should be satisfied, defies logic. How legally can a judgment be satisfied which never validly existed and which was never paid?

To the extent Melo relies upon the Deficiency Judgment Act in requesting satisfaction, Melo's reliance is misplaced. That Act conditions the filing of a petition for a deficiency judgment, as well as a petition to satisfy a judgment after execution thereon, upon the sale of the real property executed upon, either directly or indirectly, to the judgment creditor. 42 Pa.C.S.A. §8103(a), (d). Here, as already stated, neither bank nor 1400 Market Street acquired anything in the sheriff's sale held on November 6, 2009, much less any title or ownership interest in the property being foreclosed upon. Under these circumstances, where no valid *in rem* judgment existed and nothing was conveyed upon execution, the Deficiency Judgment Act has no applicability.

To the extent Melo argues bank's petition to set aside the sheriff's sale is barred by the six-month statute of limitations applicable to an action or proceeding to set aside a judicial sale of property, 42 Pa.C.S.A. §5522(b)(5), the issue has been waived. This issue was never raised by Melo as a defense to bank's petition to set aside the sheriff's sale, nor was it raised at the argument held on July 9, 2013, or at any time prior to the entry of our orders dated July 9, 2013.[6] Moreover, and perhaps more importantly, it is intellectually dishonest to argue that a legal proceeding which is void at its inception for lack of subject matter jurisdiction can somehow be magically transformed from one having no effect to an effect which is decisive simply by the passage of time and the failure to make an earlier challenge to its validity. *Biernacki*, 379 at 1368. ("No court may grant relief in the absence of an indispensable party."). Perhaps the easier answer, is to simply state that because no valid judicial sale of property occurred on November 6, 2009, the period of limitations provided in 42 Pa.C.S.A. §5522(b)(5) is inapplicable to these proceedings.

## CONCLUSION

6. To the extent Melo argued the petition to set aside the sheriff's sale was untimely, it did so on the basis of Pa.R.C.P. No. 3132 which provides:

Upon petition of any party in interest *before delivery* of the personal property or of the *sheriff's deed to real property*, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

(emphasis added). *See* Melo's memorandum of law opposing plaintiff's petition to set aside sheriff's sale filed on April 5, 2013. While it is true that the delivery of a sheriff's deed generally divests the court of the authority to set aside a sheriff's sale, as noted in the *Ralich* and *Kestner* cases cited in the body of this opinion, an exception to this limitation is where the sheriff was without the authority to make the sale.

It is often said that bad facts make bad law. Equally true is that unusual facts often make the application of general principles of law flawed. In this case, what simple common sense and fairness dictate has been unduly complicated by a multitude of errors, beginning with the preparation and execution of the bank mortgage, and exacerbated by the opportunistic efforts of Melo to take advantage of what appears, at its most basic level, to be a scrivener's error. In the end, we believe the rulings we have made comport with the law and fairly adjust the rights of the parties.